DISTRICT OF COLUMBIA, USE OF FANNIE A. COOPER,

*vs.*

JOHN T. VAN HORN.

AT LAW.  No. 23.577.

Decided January 12, 1885.
The CHIEF JUSTICE and Justices MAC ARTHUR and JAMES sitting.

The bonds of constables given under and in pursuance of the act of Congress of June 7, 1878, is not affected or controlled by the act of March 3, 1863, requiring the renewal of constables' bonds every two years. The bond given under the act of 1878 runs during the term of the constable, to wit, four years. While under the act of 1863, the bond runs indefinitely until renewed or until the officer was removed.

### STATEMENT OF THE CASE.

This was an action against the sureties upon the official bond of one James A. Bean, lately one of the constables of this District. Bean was appointed July 3, 1878; his bond was approved July 5, 1878. Section 1037 of the Revised Statutes District of Columbia, act of March 3, 1863, provides "that each constable shall renew his bond on the thirtieth day of June in every alternate year of his continuance in office."

On the 7th day of August, 1880, Bean wrongfully, as it is alleged, levied on certain household goods of the real plaintiff in this action.

At the trial, the original bond was produced and the signatures admitted, but when the plaintiff's counsel offered to read it in evidence it was objected to on the ground that, under the act of Congress of 1863, the sureties were not liable for the acts of Bean after the 30th day of June, 1880. This objection was sustained, and a verdict for defendants directed by the court. The correctness of this ruling was the only point for review before the General Term.

P. B. STILSON for plaintiff:

The act of 1878 appoints the constables for four years, and this court, in pursuance thereof, July 1, 1878, required them to give a bond, in the penalty of $5,000, for the faith-

ful performance of their duties "during their continuance in office." This is the form and amount of the bond in this case.

The act of Congress, under which the old constables acted, fixed no limit to their term of service, but required them to renew their bond on the last day of June in each alternate year.

The act of 1878 expressly repeals all laws and parts of laws inconsistent with its provisions. The act of 1863, which appoints constables generally, and requires them to renew their bonds on the 30th day of June in each alternate year, is clearly inconsistent with the act of 1878, which appoints a constable for four years, and requires him to give a bond during his continuance in office, and it is consequently repealed by section 6 of the act of 1878.

This bond is valid as a common law obligation; if irregular in form or not renewed at the proper time, it is no fault of the plaintiff, as the plaintiff could do nothing in the premises. The renewal if required or not done was the result of the laches of the constable and defendants, and they cannot avail themselves of their own laches. 12 Wendell, 306; 2 Id., 281; 5 Id., 193; 3 Id., 414; 14 Johns., 401; 4 Crunch, 90.

HINE & THOMAS for defendants:

Section 1037 of the Revised Statutes of the District of Columbia provides that, "each constable shall renew his bond on the 30th day of June in every alternate year of his continuance in office." The ruling of the court below was in accordance with this statute and should be sustained.

Mr. Chief Justice CARTTER delivered the opinion of the court.

This action is brought upon the bond of a constable for malfeasance in office in his official duties as a constable. The grievance charged against him post dates the bond by two years and two months, and it is claimed that his sureties are not liable, because the bond is *functus officio*. This is a bond co-eval with the entrance of the constable upon the

discharge of his duties as such, covering all of his official undertakings during the entire period of his existence as a constable. Its condition is that he will discharge all of his official duties of constable for the term of his appointment, and pay over all moneys that may come into his hands.

The defence is, that this bond expired in the midst of his term, and only fixes responsibility on the part of his sureties for his acts and omissions, his nonfeasance and malfeasance before the expiration of the two years that mark the middle of his term. This point was sustained by the court below, who determined that no cause of action could arise upon the bond after the expiration of two years, and instructed the jury to return a verdict for the defendant.

This bond, the form of which has been devised by this court, is created and required by the act of Congress of the 7th of June, 1878, which provides as follows: "The Supreme Court of the District of Columbia shall have authority to appoint not exceeding twenty constables, who shall hold office for four years, subject to be removed by said court for cause, upon hearing, and said constables shall be the successors of the constables now holding office in said District. The time of office of all constables now in office in said District shall end on the 30th day of ——, after the approval hereof, and they shall, on or before said day, return all processes which may be held by them, duly executed, and pay over to the proper parties all money in their hands. All said constables may duly execute and return all writs and processes in their hands at the time of the expiration thereof. The Supreme Court of the District of Columbia shall have the power to fix the amount and form of the bonds, and approve the same, to be given by said justices of the peace and constables, and make such further regulations as may be necessary to complete the transfer of the existing offices," etc.

In pursuance of this act, we provided a bond, the condition of which reads as follows:

" Whereas, the above-named constable hath been duly appointed to the office as constable in and for the District of

Columbia; now the conditions of the above obligation is such that if the above bounden constable do and shall faithfully perform the duties of the said office, and do and shall pay over, on demand, to the person entitled or authorized to receive the same, all moneys that may come into his hands as a constable, during his continuance in office, then the above obligation to be void, otherwise it is to be and remain in full force and virtue."

That is the condition of the bond that this court prescribed to be executed by constables and their sureties for the term of four years—the term prescribed by the law for the existence of the constable.   Constables in this jurisdiction had an indefinite existence before this law was passed.   The memory of man did not run back to the beginning of their appointment, and it was for the purpose of rendering a definite and responsible constabulary in the District that this statute was enacted, and this bond prescribed by the court. Its terms are that he shall be responsible for all his official acts during the period of his official existence, viz., the four years for which he is appointed.

Now, it is said that this bond expires in all its energy in the middle of his term, and that no breach can transpire after the expiration of the first two years of the four.   And this is said to be so, because as far back as in 1863 Congress passed a law providing that each constable should renew his bond in every alternate year of his continuance in office. It was a provision of the law for the increase of responsibility on the part of constables, a guarantee to those whose business they were transacting that they should furnish security for fidelity in the performance of their duty, and it was enacted when the terms of the constabulary were indefinite.   Suppose it be said that this statute applies to the constables created by the act of 1878, what then?   We have a bond executed in 1878 by a constable, with sureties, to answer for the discharge of his official duties.   Now, if the act of 1863 applies, one of his official duties is to furnish a renewal of his sureties at the expiration of two years.   Who is responsible for his failure?   What good defence do the

sureties on this bond have, if the constable is derelict in one of his most important duties?

The act of March 3, 1863, is merely declaratory of the duty of a constable, in the interest of higher and better security, and neither he nor his sureties can say that his default or dereliction is a discharge for the surety.

But our judgment is not founded upon that view of the subject. Our opinion is that the act of 1863 is a directory statute merely. The bonds which were given at the time this statute was enacted, requiring their renewal every two years, were co-extensive with the office, covering its entire length and all its duties, and it remained an obligation concurrently with the continuance of the office. And the fact of the renewal, or non-renewal, did not enter into their validity. But when the term is restricted by law to four years, and a bond is given covering the four years, it cannot be said that it is of no validity after the expiration of two years. The statute of 1863 has no application to it, for this bond is for a definite period, while in the other case the bonds run indefinitely until renewed or until the officer was removed.

The judgment is reversed and a new trial granted.